

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| RODNEY WILLIAMS, R.K. INTEREST INC., and JABARI THOMAS, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Case No. 4:10cv34 |
| CHEYENNE CROSSING RESIDENTIAL ASSOCIATION, INC. and MARK DISANTI, | § § § § § | |
| Defendants. | § § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant Cheyenne Crossing Residential Association, Inc.'s Motion for Summary Judgment (Dkt. 10). As set forth below, the Court finds that the motion should be GRANTED.

The facts of this case are rather straightforward. Plaintiffs' property was foreclosed on by Defendant Cheyanne – a homeowners' association. Prior to the foreclosure sale, Defendant Cheyanne sent Plaintiffs notice via certified mail return receipt requested. Defendant DiSanti later purchased the property at a foreclosure sale and has filed a forcible entry and detainer action against Plaintiffs.[1]

---

[1] Defendant DiSanti has apparently not yet been served with process or appeared in this suit.

In this suit, which was originally filed in state court, Plaintiffs seek declaratory judgment that their constitutional rights to due process were violated because they did not receive adequate notice of the foreclosure sale. Plaintiffs argue that the Texas foreclosure statute is unconstitutional in its notice provisions. Plaintiffs argue that the Court should declare the Texas statute unconstitutional and that Defendant should be ordered to deed the property back to them or that they should "be given the right to redeem [their] property in accordance with [their] rights." *See* Dkt. 2. Other than the statutory challenge, Plaintiffs do not argue that Defendant failed to comply with the provisions of the Texas foreclosure statute, nor do they assert a claim of wrongful foreclosure here.

Defendant removed the case to this Court on January 25, 2010, arguing that the Court has federal question subject matter jurisdiction over Plaintiffs' claims since they challenge the constitutionality of the Texas statute. *See* Dkt. 1. Defendant then filed its motion for summary judgment on March 15, 2010. *See* Dkt. 10. In its motion, Defendant seeks summary judgment that Texas Property Code Sections 209.006(a) and 209.010(b)'s notice provisions are not unconstitutional, as alleged by Plaintiffs, and that the foreclosure of Plaintiffs' property was therefore not an unconstitutional taking.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

**ANALYSIS**

Here, the Court must determine whether there is a genuine issue of material fact as to Plaintiffs' claims of unconstitutionality. Plaintiffs do not dispute that notice of the sale was sent to them via certified mail return receipt requested. Plaintiffs also do not dispute that the Texas Property Code allows for such notice.[2] Plaintiffs claim, however, that the Code's silence as to what additional steps are required if certified mail is returned unclaimed — as it apparently was here — results in an unconstitutional violation of property owners' due process rights.[3]

In its motion for summary judgment, Defendant argues that Plaintiffs' due process challenge against it fails because Defendant is not a state actor. Defendant cites to clear Fifth Circuit precedent and Texas authority in support of its position. *Barrera v. Security Bldg. & Inv. Corp.*, 519 F.2d 1166, 1169 (5th Cir. 1975) (finding no significant involvement of the state in non-judicial foreclosure); *Daniel v. Ferguson*, 839 F.2d 1124, 1128-29 (5th Cir. 1988) (plaintiff could not state a claim for deprivation of rights as a result of non-judicial foreclosure under Texas statute); *Armenta v. Nussbaum*, 519 S.W.2d 673, 679 (Tex. Civ. App. – Corpus Christi 1975, writ ref'd n.r.e.) (trustee conducting foreclosure sale pursuant to terms in deed of trust was not engaged in state action, within meaning of Fourteenth Amendment, notwithstanding that trust deed complied with statute governing sales of realty made under any deed of trust and that sale was made in accordance with statute);

---

[2] *See* TEX. PROP. CODE ANN. § 209.006(a) ("[T]he association or its agent must give written notice to the owner by certified mail, return receipt requested."); *see also* TEX. PROP. CODE ANN. § 209.010(b) ("The notice must be sent by certified mail, return receipt requested ....").

[3] As noted by Defendant in its recent trial brief, whether Plaintiffs challenge the constitutionality of the statute as applied or on its face (or both) is not wholly clear. Nonetheless, the Court need not address such a distinction because Plaintiffs' challenge would not survive under either theory.

4

*Williamson v. Tucker*, 615 S.W.2d 881, 892 (Tex. Civ. App. – Dallas 1981, writ ref'd n.r.e.) (no significant state action is involved in foreclosure under statute allowing owner to cause property to be sold as provided in deed of trust or contractual lien). In response to Defendant's summary judgment argument, Plaintiffs direct the Court to the United States Supreme Court's opinion in *Jones v. Flowers*, 547 U.S. 220, 126 S. Ct. 1708, 164 L. Ed.2d 415 (2006) and the Missouri Supreme Court's decision in *Schlereth v. Hardy*, 280 S.W.3d 47 (Mo. 2009).

Having reviewed the record and governing authority, the Court finds that Plaintiffs have not sustained their burden here. Plaintiffs have failed to point the Court to any governing authority challenging the constitutionality of non-judicial foreclosures by a homeowners' association and they have not offered any binding authority in response to Defendant's argument that it is not a state actor.

While some legal scholars may have expressed general due process concerns regarding the Texas statute's notice provisions, *see* Kenneth M. Krock, *The Constitutionality of Texas Nonjudicial Foreclosure: Protecting Subordinate Property Interests from Deprivation Without Notice*, 32 Hous. L. Rev. 815 (1995), no Texas or Fifth Circuit court has. The Court is not bound by academic conjecture, but by precedent. Plaintiffs have not cited to, nor can the Court can identify, any clear precedent to indicate that Plaintiffs may argue that the non-judicial foreclosure may be attacked on constitutionality grounds. The Fifth Circuit has held that no significant state action is involved in non-judicial foreclosures. *See, e.g. Barrera*, 519 F.2d at 1169. And the Fifth Circuit has emphasized its previous finding that Texas' foreclosure statute is constitutional. *Daniel*, 839 F.2d at 1128-1129 ("Article 3810 has been in effect, without substantial change, for many years and this court has previously found the statute constitutional.").

5

The Court is not persuaded that the Supreme Court's holding in *Jones* or the Missouri Supreme Court's holding in *Schlereth* create a fact issue as to the constitutionality of the notice required in a non-judicial foreclosure under the Texas statute. First, as noted by Defendant, the *Jones* case held that, as matter of due process, the *state* must take additional reasonable steps to attempt to provide notice of a tax sale to property owner before selling property, if it is practicable to do so. *Jones*, 547 U.S. at 225 126 S. Ct. at 1713. The issues in that case clearly pertain to a state actor and therefore do not address Defendant's summary judgment argument. The *Schlereth* case similarly dealt with the foreclosure of property by a state actor. *Schlereth*, 280 S.W.3d at 53 ("those who use *governmental authority* to take property, even in tax delinquency situations, will have to take heed of the notice requirements of the *Mullane* through *Jones* line of constitutional cases.") (emphasis added). In citing to these cases, Plaintiffs simply have not created a fact issue in showing that their constitutional challenge survives without Defendant being a state actor.

Because Plaintiffs have not offered any summary judgment evidence to show that the foreclosure sale here was otherwise invalid under the Texas statute, the Court finds that they have not sustained their summary judgment burden as non-movants and that their claims here must therefore fail. *See Daniel*, 839 F.2d at 1129. While the Texas statute may be silent as to how unclaimed notice should be handled in non-judicial foreclosures by non-state actors, such is not a matter for this Court to decide. As the Fifth Circuit has so clearly stated, "[t]he remedies for these shortcomings lie within the jurisdiction of the state's courts and legislature." *Barrera*, 519 F.2d at 1174. While Plaintiffs may have been able to challenge how their specific foreclosure was handled (which they expressly did not do in this case), without a showing of a state actor (or caselaw to show that state action is not required), they have no constitutional challenge. Until the Fifth Circuit

indicates otherwise, this Court is bound by current precedent.

Therefore, the Court finds that Defendant Cheyenne Crossing Residential Association, Inc.'s Motion for Summary Judgment (Dkt. 10) should be GRANTED and that Plaintiffs should take nothing by their claims here.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 17th day of December, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE